UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLENE RICHARDSON,

    Plaintiff,

vs.                                                    CASE NO.: 8:15-cv-02198-EAK-JSS

VIRTUOSO SOURCING GROUP, L.L.C.

    Defendant.
_____/

**MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA**
**PRIOR TO RULE 26(F) CASE MANAGEMENT CONFERENCE**

COMES NOW, the Plaintiff, DARLENE RICHARDSON, by and through her undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(d) and moves this Honorable Court for permission to serve a single third-party subpoena attached hereto as Exhibit "A", prior to a Rule 26(f) initial Case Management Conference and for cause therefore would show the following:

    1.    Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 16(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation or by Court Order.

    2.    Rule 26(d) has been interpreted to apply its requirements to subpoenas issued to non-parties.

    3.    Plaintiff seeks to subpoena the Plaintiff's cellular telephone records from Metro PCS, and this information is only available to the Plaintiff pursuant to a subpoena.

    4.    While a Clerk's Default has been entered against the Defendant in this case (Dkt. 9), the detailed phone records from Metro PCS are necessary to Plaintiff so that Plaintiff may

accurately document the precise number of illegal robo calls she received from Defendant VIRTUOSO SOURCING GROUP L.L.C. during the time period of January 2013 through September 24, 2015, as alleged in her Complaint.

5. The precise number of illegal robo calls that Plaintiff received from Defendant during the time period relevant to this case is necessary so that Plaintiff can factually substantiate her allegations when she moves for entry of a final default judgment against Defendant VIRTUOSO SOURCING GROUP L.L.C. As such, good cause exists for the granting of the instant motion.

6. The records being subpoenaed are usually kept electronically and normally provided through electronic mail ("email") and an email address has been provided.

7. This Motion is being filed in good faith and not for purposes of delay.

WHEREFORE, the undersigned respectfully requests this Honorable Court to enter an Order granting this Motion to Serve Third Party Subpoena Prior to Rule 26(f) Case Management Conference.

Respectfully submitted,

*/s/ Frank H. Kerney III*
Frank H. Kerney III, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
FKerney@forthepeople.com
Florida Bar No: 88672
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed electronically on the 21st day of October, 2015, and served upon all counsel of record through e-mail, in accordance with the Court's Electronic Filing Guidelines.

*/s/ Frank H. Kerney III*
Frank H. Kerney III, Esquire
Morgan & Morgan
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax: (813) 222-4725
FKerney@forthepeople.com
Florida Bar No: 88672
Counsel for Plaintiff